UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL ALEJANDRO MONTEJO
VEGA,

       *Petitioner*,

v.                               Case No. 3:26-cv-1274-JEP-SJH

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

       *Respondents*.

_____/

## **ORDER**

Petitioner, an immigration detainee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on May 8, 2026. (Doc. 1). Petitioner argues that his detention since November 26, 2025, violates due process, and he seeks either immediate release or a bond hearing. (*See id.* at 6-7, 12-13).

The Federal Respondents filed a one-paragraph response stating:

> Federal Respondents hereby notify the Court that the U.S. Immigration and Customs Enforcement ("ICE") maintain the position that Petitioner's continued detention is warranted because he poses a risk to the community. However, ICE is unable to provide the Court with evidence demonstrating that there is a significant likelihood that Petitioner will be removed within the reasonably foreseeable future. As such, Federal Respondents are unable to show cause why this Petition should not be granted, and request that Petitioner's release be pursuant to appropriate terms of supervision as provided in 8 U.S.C. § 1231(a)(3).

(Doc. 7).

Upon review, however, at the time Petitioner filed this action, he had not been detained for six months. To state a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner must "show post-removal order detention in excess of six months [and] . . . evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Notably, the presumptively reasonable "six-month period . . . must have expired at the time [a petitioner's] § 2241 petition [i]s filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. When Petitioner filed the petition on May 8, 2026, he had been detained for five months and twelve days. Although Petitioner has now been detained for longer than six months, his *Zadvydas* claim was not ripe at the time he filed the petition, and this case will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Warden's motion to dismiss (Doc. 8) is **DENIED** as moot.

3. The Clerk is **DIRECTED** to terminate any motions as moot, enter judgment dismissing the petition without prejudice, and close the file.

4. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241 habeas petition form.

   **DONE AND ORDERED** in Jacksonville, Florida on June 17, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Miguel Alejandro Montego Vega
Counsel of Record

3